UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>JEFFREY MCCOY,<br>　　　　　Defendant. | Case No. 19-cr-00226-RS-2<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE** |

## I. INTRODUCTION

Defendant Jeffrey McCoy, appearing *pro se*, moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking "compassionate release" on grounds that his mother, who has care of his three minor children, is in declining health. Because the circumstances do not rise to the level of "extraordinary and compelling reasons" that would warrant the reduction, the motion will be denied.

## II. BACKGROUND

McCoy pleaded guilty to eight felony counts related to drug dealing. Between August 2017 and August 2018, he made sales of cocaine, crack, and heroin to law enforcement, usually in a Home Depot parking lot. The drug amounts ranged from roughly 55 grams to roughly 250 grams of cocaine, from roughly 52 grams to 256 grams of crack, and from roughly 49 grams to roughly 205 grams of heroin. McCoy is serving his 60-month sentence at FPC Yankton in South Dakota. Although his motion asserts he has served approximately 27 months to date, the government

calculates the time served as only about 16 months.

McCoy contends early release is warranted because his mother's health has "declined," and she has care of his six children. Three of those children are legal minors, aged 9, 12, and 14. There is also an 18-year-old high school student, and two older children attending college. McCoy asserts his mother has high blood pressure and diabetes.

McCoy submits a letter from his mother's treating physician confirming the hypertension, as well as other medical conditions resulting in chronic pain and affecting her mobility and stamina. The physician states that McCoy's mother would benefit from his "help around the house, including help with cooking, picking up groceries and prescriptions, and caring for his six children." McCoy reports his children's mother died in 2020, and he asserts there is no one else to care for them.

McCoy also contends early release is appropriate because he is placed at a minimum security facility in the middle of a community, demonstrating he is not a risk. McCoy has submitted a proposed release plan that includes a claim that he would have employment available.

McCoy previously submitted a request for compassionate release to the warden of his facility, which was denied. The government acknowledges that McCoy has satisfied the administrative exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A).

### III. DISCUSSION

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt

> of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The Ninth Circuit has ruled this policy statement "may inform a district court's discretion" in connection with motions filed by defendants, but is not binding. See *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

The circumstances identified by McCoy as the basis of his request for a reduction of his sentence do not suffice as "extraordinary and compelling" under the statute, the policy statement, or the commentary thereto, or otherwise. Although the additional challenges his mother may face from deteriorating health are unfortunate, and likely could be mitigated by his presence at home, McCoy has not shown that she is incapacitated or incapable of caring for the children. While McCoy has asserted his mother is the only person available to care for the minors, he has not explained why his adult children, or his own adult siblings, would be incapable of, at a minimum, providing his mother the kinds of assistance identified in the physician's letter as beneficial to her.

Undoubtedly McCoy's continued incarceration places stress on his family members, including minor children, and that is regrettable. Nevertheless, McCoy has not met his burden to show that early release is appropriate.

## IV. CONCLUSION

The motion is denied.

**IT IS SO ORDERED**.

Dated: April 17, 2023

_____
RICHARD SEEBORG
Chief United States District Judge